Stockton Halsted to the account of the trustees of William A. Halsted, that the $24,462.63 should be paid to him as the absolute property of the estate of Charles Stockton Halsted, seems to be more an objection to the form of the decree, not yet filed, settling and allowing the account. He asks that the decree direct the trustees to pay the money to him. The trustees interpose no objection to that. They only ask that the account be settled. The decree may provide for the payment over of the $24,462.63 now owned absolutely by George W. Carr as executor of Charles Stockton Halsted. The other trust is still held, of course, because the life tenant, Harriet B. Bokee, is still living. As a matter of law, the fact that one is a cestui que trust entitled to the income of a fund for life does not exclude him as a next of kin from the ultimate ownership of the trust fund where there is no valid disposition of the fund by the remainderman. Doane v. Mercantile Trust Co., 160 N. Y. 494, 55 N. E. 296; Brown v. Richter, 25 App. Div. 239, 49 N. Y. Supp. 368; Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709; Pomroy v. Hincks, 180 N. Y. 73, 72 N. E. 628.

Decreed accordingly.

---

(77 Misc. Rep. 88.)

## In re UNION TRUST CO. OF NEW YORK.

(Surrogate's Court, New York County. May, 1912.)

TRUSTS (§ 282*)—TRUST ESTATE—TERMINATION—PAYMENT TO EXECUTOR OF BENEFICIARY.

    Where a beneficiary of a fund forming part of residuary estate bequeathed by his brother to their mother, who died intestate as to the same, is entitled to it as her sole next of kin, the fund on the consent of the substituted trustee of the mother's estate may be paid directly to the executor of the beneficiary.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 402; Dec. Dig. § 282.*]

In the matter of the Settlement of the Account of the Union Trust Company of New York, trustee under the will of Catherine Crane Halsted. Decree rendered.

Miller, King, Lane & Trafford, of New York City, for petitioner.

Cardozo & Nathan, of New York City, for James M. Halsted, executor.

George W. Carr, of New York City, for executor, etc., of Charles Stockton Halsted.

Charles C. Lockwood, of New York City, for James Maver Halsted, James Ewing, as administrator of Catherine Halsted Ewing, and James Ewing, as general guardian of James Halsted Ewing.

Parker V. Lawrence, of New York City, special guardian of Charles Stockton Halsted, Jr.

FOWLER, S. Catherine Crane Halsted died June 29, 1890, leaving a will and testament which was duly admitted to probate on July 22, 1890. The Union Trust Company was appointed the substituted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

trustee on January 6, 1909, by an order of the Supreme Court, and admits that by reason of the death of Charles Stockton Halsted and pursuant to the provisions of the will of Catherine Crane Halsted the trust fund held by it as trustee is now distributable. No objection, either in this accounting or the other, is filed as to any of the items of the accounts, and it appears that each account contains a correct statement of the receipts and expenditures.

The Union Trust Company is entitled to have the trust fund of $25,000, which now belongs to the executor of Charles Stockton Halsted, paid first to it as substituted trustee under the will of Catherine Crane Halsted, and by it paid over to the estate of Charles Stockton Halsted, so as to obtain its commission on the fund. But the executor in his brief states that the counsel for the trust company in open court announced his willingness to have the fund paid directly to the estate of Charles Stockton Halsted. If this be so, I see no reason why the decree in the estate of William A. Halsted should not provide for the payment of the fund directly to the estate of Charles Stockton Halsted. But I believe that the consent in writing of the Union Trust Company should be filed.

The above-named decedent also leaves an individual estate, but no objection is filed to the account as to this. The only objection is as to the $25,000 trust fund.

Decreed accordingly.